Kootz/J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

HAZEM KHALID AL-BRAIKAN,
  a/k/a HAZEM KHALID ALBRAIKAN,
UNITED GULF BANK (B.S.C.) E.C.,
KIPCO ASSET MANAGEMENT
  COMPANY (KAMCO),
AL-RAYA INVESTMENT COMPANY
  a/k/a ALRAYA INVESTMENT COMPANY,

        Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2009

Civil Action No. 09civ6533 (JCK)

### TEMPORARY RESTRAINING ORDER FREEZING ASSETS
### AND GRANTING OTHER RELIEF AND ORDER TO
### SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE

On the application of Plaintiff Securities and Exchange Commission ("Commission") for an *ex parte* Order: (1) freezing assets, (2) expediting discovery in this action; (3) providing for alternative service; and (4) requiring Defendants Hazem Khalid Al-Braikan, a/k/a Hazem Khalid Albraikan, United Gulf Bank ("United Gulf Bank"), KIPCO Asset Management Company ("KAMCO"), and Al-Raya Investment Company, a/k/a Alraya Investment Company ("Al-Raya") to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them:

The Court, having considered the Complaint in this action; the Declaration of Mark Lineberry, with supporting exhibits; and the Memorandum of Points and Authorities in support of the Motion for Temporary Restraining Order, makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the Defendants, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

Now, therefore,

**I.**

IT IS HEREBY ORDERED that pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A. Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise,

2

and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of: the proceeds from trading in securities of Harman International and Textron, Inc., wherever located; and any of their funds or other assets or things of value in the United States presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist;

    B. That any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name of, for the benefit of, or under the control of Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, including Account Number ███1775 at DLJ Pershing in the name of Hazem Khalid Albraikan, Account Number ███208-█ at Citigroup Global Markets, Inc. in the name of United Gulf Bank BCS, Account Number ███4964 at JP Morgan Securities in the name of KIPCO Asset Management (State Street Account No. ███), and Account Number ███0300-15 at Citigroup Global Markets in the name of Alraya Investment Company, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## II.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery concerning Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and

45 of the Federal Rules of Civil Procedure, and ~~Rule 30.1A of the Local Rules of this Court~~ *any local rule of this Court*, discovery shall proceed as follows:

    A.    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days notice of any such deposition. Depositions may be taken Monday through Saturday. As to Defendants and their agents, servants, employees, brokers and associates, the Commission may depose such witnesses after serving a deposition notice by facsimile, e-mail, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. All depositions in this action, unless properly noticed to take place elsewhere, shall be taken within the United States. Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff Commission's application for a preliminary injunction;

    B.    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendants shall answer the Commission's interrogatories within three days of service of such interrogatories upon Defendants;

    C.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendants shall produce all documents requested by the Commission within three days of service of such request, with production of the documents made to Richard Hong, Assistant Chief Litigation Counsel, U.S. Securities & Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

    D.    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendants shall respond to the Commission's requests for admissions within three days of such requests; and

    E.    All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand, e-mail or overnight courier to the Commission

4

to the attention of Richard Hong, Assistant Chief Litigation Counsel, or such other place and person as counsel for the Commission may direct in writing.

IV.

SERVICE OF THIS ORDER, the summons and complaint may be made by facsimile, mail, overnight delivery to the home or business address of Defendants, or personally by any employee of the Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 4 of the Federal Rules of Civil Procedure, including letters rogatory, and may be made on any registered agent, officer, or director of Defendants, or by publication, or as this Court may direct by further order. Discovery requests may be communicated by facsimile, e-mail, mail, or overnight delivery.

V.

IT IS FURTHER ORDERED that ~~upon the submission~~ may submit by the Commission [in] appropriate ~~forms of~~ letters rogatory, ~~the Court shall sign, and the Clerk of this Court shall promptly execute and return to counsel for the Commission~~ for transmission to the appropriate foreign judicial authorities copies of the Summons, Complaint and this Order for service upon Defendants, or their foreign agents, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or the provisions of applicable foreign treaties or agreements between the United States and Kuwait and/or the United States and the Kingdom of Bahrain.

VI.

IT IS HEREBY FURTHER ORDERED THAT Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya or their attorneys shall appear before this Court at 12:30 o'clock, p.m., on the 6th day of August, 2009, in Room 12E of the United States Courthouse, New York, New York, or as soon thereafter as they can be heard,

5

and in any event prior to the expiration of this Order, to show cause, if any exists, why this Court should not enter a preliminary injunction extending the asset freeze granted in this Order until a final adjudication on the merits may be had. Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Richard Hong, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, NE, Mail Stop 4010-A, Washington, DC, 20549, or via email to hongr@sec.gov, no later than three full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya or their attorneys by facsimile transmission, e-mail, courier service, or other means as the Commission may reasonably determine will give Defendants Hazem Khalid Al-Braikan, United Gulf Bank, KAMCO, and Al-Raya or their attorneys prompt delivery of these papers.

## VII.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

Dated this 23 day of July 2009.

1:53 P.M.

UNITED STATES DISTRICT JUDGE